UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUSAN K. STELLY, ET AL.** | * | **CIVIL ACTION NO. 14-0694** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **DOLGENCORP LLC** | * | **MAG. JUDGE HILL** |

## MEMORANDUM RULING

On August 18, 2015, the plaintiff filed a Supplemental Motion to Compel Discovery Responses [record Doc. 40]. By this motion, the plaintiff sought actual copies of the incident and accident reports related to accidents involving Water Hog floor mats or rugs for the last two years in Louisiana stores. The defendant had sought to comply by furnishing a spreadsheet summarizing certain of the accident data, but not providing copies of the actual reports themselves.

The Court held a telephone hearing on the motion on August 21, 2015. During that telephone hearing, the Court ordered the defendant to produce copies of the actual reports themselves. The Court instructed the defendant that furnishing the spreadsheet alone was not sufficient compliance to the Court's prior order on this issue.

The plaintiff then took the position that the information that was disclosed on the spreadsheets was sufficient to require the defendant to produce these accident reports, not only for stores in Louisiana, but for all stores owned by the defendant, nationwide. The defendant complained that this would be over-burdensome, given the high number of stores located throughout the country.

At the conclusion of the telephone hearing on August 21, the Court ordered counsel for the defendant to find out whether or not the information which had been disclosed to the plaintiff on the spreadsheet had come from a nationwide database or, rather, whether the information had been compiled from the actual documents themselves. The defendant was ordered to report back to the Court on August 28 with the results of his investigation.

On August 28, 2015, Court held another telephone hearing. During that hearing, counsel for the defendant confirmed that the information on these accidents was in a nationwide database, and that the information contained on the spreadsheet previously provided to the plaintiff was obtained from that database. In view of the fact that the information was reasonably available from the nationwide database, the Court instructed the defendant to provide information from accidents involving these mats to the plaintiff for all stores on a nationwide basis on a spreadsheet.

The Court declines to order the defendant to provide the actual reports for any and all such incidents or accidents because of the expense and time needed to compile that data. In that regard, the Court relies on the proportionality rule set out in Federal Rule Civ. Proc. 26 (b)(2)(C)(iii). That Rule provides that the Court must limit the extent of discovery otherwise allowed by the Rules if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit . . . ." The Court does not doubt that the actual accident reports are at least likely to lead to relevant and admissible evidence. Were the proportionality provisions of Rule 26(b) not in effect, then the Court would likely order the defendant to

produce the actual reports.

However, in this case, the Court rules that the burden and expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the amount in controversy. Accordingly, the defendant need not produce the actual reports for those accidents or incidents which occurred outside of Louisiana, but must produce a spreadsheet in substantially the same format and form, with substantially the same information, as that which the defendant has previously provided to counsel for the plaintiff. This spreadsheet is to cover all stores owned by the defendant.

Counsel for the defendant requests the Court to limit its response to those occasions where a person tripped (as opposed to slipped) on one of these interior mats. The Court believes that is too restrictive, and rather enters the following order:

**IT IS ORDERED** that the defendant provide a spreadsheet to counsel for the plaintiff with substantially the same information as that provided on the spreadsheet provided to the plaintiff previously. This spreadsheet is to include all accidents or incidents involving interior Water Hog mats or rugs where the mat or rug was displaced either before or after the incident. This spreadsheet is to cover all incidents or accidents for the period of two years prior to the accident which forms the bass of this litigation, and is to be provided to counsel for the plaintiff no later than September 18, 2015.

August 28, 2015, Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE